**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

**OAKLEY, INC.,**

Plaintiff,

v.

**CJDROPSHIPPING.COM and THE OPERATOR OF CJDROPSHIPPING.COM,**

Defendants.

**Case No. 22-cv-01140**

**Judge Jorge L. Alonso**

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(2)**

Pursuant to the Federal Rules of Civil Procedure 12(b)(2), Defendants CJDropshipping.com and the operator of CJDropshipping.com (collectively, "Defendants"), by and through their undersigned counsel, move the Court for the entry of an order dismissing Plaintiff Oakley, Inc.'s ("Plaintiff") Complaint (Dkt. No. 1) (the "Complaint") for lack of personal jurisdiction. In support thereof, Defendants respectfully submit the following memorandum of law.

## I. INTRODUCTION

Plaintiff's claims against Defendants should be dismissed for lack of personal jurisdiction because Defendants do not have the requisite minimum contacts with the State of Illinois. Other than a "test buy" from Plaintiff, Defendants have not sold a single accused product in this District. Contrary to Plaintiff's boilerplate personal jurisdiction allegations, Defendants merely operate an online drop-shipping platform serving drop-shippers, not end consumers. They have not directed their business activities to the State of Illinois, did not make a single sale of the accused product in this District, and could not have reasonably anticipated being hauled into court here. In fact, the operator of the CJDropshipping.com is a foreign company who does not reside in the State of Illinois. Neither does it have any jurisdictionally significant contacts with Illinois. This Court has neither general nor specific jurisdiction over Defendants. Thus, Plaintiff's lawsuit against Defendants should be dismissed in its entirety for lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

Defendant CJDropshipping.com is an online drop-shipping platform that fulfill drop-shipper's sourcing requirements from various countries worldwide, including the United States and Europe. Declaration of Lizhi Zhou ("Zhou Decl.") at ¶ 5, attached as Exhibit A. Defendant CJDropshipping.com is currently operated by the Chinese company Yiwu Cu Jia Trade Co., Ltd. *Id*. As a drop-shipping service provider, CJDropshipping.com helps drop-shippers to send items directly

to their buyers. *Id*. In total, CJDropshipping.com lists more than 937,644 products on the website. *Id*.

The only product that Plaintiff has accused Defendants infringing Plaintiff's trademark is a glove, as Plaintiff identified in paragraph 19 of its Complaint ("Accused Product"). Dkt. No. 1, ¶ 19. As Plaintiff's screenshot shows, the supplier of the Accused Product is Heyang Industrial Co. Ltd, not Defendants. *Id*. In total, Defendants sourced 14 units of the Accused Product, which only one was shipped to the United States. Zhou Decl., ¶ 14. All other Accused Products were sold to the European country of Slovakia. *Id*. This one single isolated purchase turns to be Plaintiff's "test buy." *See* Dkt. No. 1, ¶ 21.

## III. LEGAL AUTHORITY

"Personal jurisdiction…is an essential element of district court jurisdiction, without which the court is powerless to proceed to an adjudication." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 575 (1999). "Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts." *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 444 (7th Cir. 2010). "Once a defendant moves to dismiss for lack of personal jurisdiction…the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Notably, "[t]o determine whether exercising personal jurisdiction is proper, a court may receive and weigh affidavits." *Nelson by Carson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Any conflicts in the pleadings and affidavits are to be resolved in the plaintiff's favor, but the court accepts as true any facts contained in the defendant's affidavits that remain unrefuted by the plaintiff. *Cont'l Cas. Co. v. Marsh*, No. 01 C 0160, 2002 WL 31870531, at *2 (N.D. Ill. Dec. 23, 2002) (citing *RAR, Inc.*, 107 F.3d at 1276).

Those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter. *J. McIntyre Machinery v. Nicastro*, 131 S. Ct. 2780, 2787 (2011); *Burger King v. Rudzewicz*, 471 U.S. 462, 471-472 (1985) (quotation omitted) (stating that the Due Process Clause of the 14th Amendment "protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations"). Personal jurisdiction over an out-of-state defendant is only appropriate if the forum state's long-arm statute permits the assertion of jurisdiction without violating due process, and due process is satisfied. *Id*. "Under the Supreme Court's well-established interpretation of the Fourteenth Amendment's due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had 'certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This is because "[i]t is unconstitutional to force a defendant to appear in a distant court unless it has done something that should make it 'reasonably anticipate being hauled into court there.'" *Id.* at 444 (quoting *Burger King Corp.*, 471 U.S. at 474).

This Circuit has cautioned that courts "should be careful in resolving questions about personal jurisdiction involving online contacts to ensure a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state." *Illinois v. Hemi Group LLC*, 622 F.3d 754, 760 (7th Cir. 2010). In addition, "displaying products online that are shippable to Illinois amounts to nothing more than maintaining an interactive website that is accessible in Illinois." *Rubik's Brand, Ltd. v. P'ships & Unincorporated Ass'n Identified on Schedule A*, 2021 WL 825668, at *3; *see Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796. 803 (7th Cir. 2014) ("Having an interactive website . . . should not open a

defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.").

## IV. ARGUMENTS

Plaintiff used boilerplate language in its "Jurisdiction and Venue" section, which only has two paragraphs vagally asserting personal jurisdiction. *See* Dkt. No. 1, ¶¶ 2&3. It is unclear whether Plaintiff is asserting general jurisdiction or specific personal jurisdiction over Defendants. But either way, this Court lacks both general and specific personal jurisdiction over Defendants.

### A. This Court Lacks General Jurisdiction Over Defendants.

This Court lacks general jurisdiction over Defendants because Defendants are not "at home" in Illinois. General jurisdiction "allows a defendant to be sued in [a] forum regardless of the subject matter of the litigation." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). However, general jurisdiction is only permitted where "the defendant has 'continuous and systematic general business contacts' with the forum." *Id.* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). "These contacts must be so extensive to be tantamount to [the defendant] being constructively present in the [forum] state to such a degree that it would be fundamentally fair to require it to answer in [the forum state's] court in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world." *Id.* (emphasis in original). This standard is stringent "because the consequences can be severe: if a defendant is subject to general jurisdiction in a state, then it may be called into court there to answer for any alleged wrong committed in any place, no matter how unrelated the alleged wrong was to the defendant's contacts with the forum." *Hutchinson v. Fitzgerald Equip. Co.,* No. 1:15-CV-06521, 2016 WL 878265, at *3 (N.D. Ill. Mar. 8, 2016) (quoting *uBID, Inc. v. GoDaddy Grp., Inc.*, 623

F.3d 421, 426 (7th Cir. 2010); *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010) ("The threshold for general jurisdiction is high.").

Plaintiff has pled no facts—and there are no facts—to support an argument that Defendants are "at home" in Illinois and, therefore, subject to general jurisdiction in Illinois. *Goodyear Dunlop Tires Operations v. Brown*, 131 S. Ct. 2846, 2851 (2011). Non-resident, foreign Defendants are not incorporated in, nor do they have their principal place of business located in Illinois. Defendants are online drop-shipping platform operated by the Chinese Company Yiwu Cu Jia Trade Co., Ltd. Zhou Decl., ¶¶3-4. These entities can therefore not be considered "at home" in Illinois. *See Advanced Tactical, Ordnance Sys., LLC*, 751 F.3d at 800. Moreover, and not surprisingly, Defendants: (1) have no office(s) or manufacturing facilities in Illinois; (2) do not manufacture anything in Illinois; (3) do not own any real property or other assets located in Illinois; (4) have no bank accounts in Illinois; (5) do not pay Illinois taxes; (6) have no telephone number, telephone listings, or mailing addresses in Illinois; and (7) have no registered agent for service of process in Illinois. Zhou Decl., ¶¶6-12. In other words, Defendants do not have the necessary "continuous and systematic general business contacts" necessary for general personal jurisdiction.

As mentioned above, Defendants are not "at home" in Illinois, thus, this Court cannot exercise general jurisdiction over them. The facts at issue here are similar to those at issue in *Kraft Chemical Co. v. Salicylates & Chemicals Private Ltd.*, 14 C 04186, 2015 WL 7888961 (N.D. Ill. Dec. 3, 2015). In that case, this Court held that the plaintiff's allegations of general jurisdiction over an Indian company fell "well short of the stringent standard for establishing general jurisdiction." *Id.* at *2. The Indian company's headquarters and primary manufacturing plant were in India. *Id.* Less than two percent of the company's global sales were of the product at issue in the litigation. *Id.* Although the Indian company conducted business with another U.S. distributor, the plaintiff

failed to provide any evidence of the amount of business the Indian company did with that distributor or what percentage of the company's sales were in Illinois. *Id.* at *3. The Court also concluded that the CEO's 24 visits to Illinois over 12 years and the company's solicitation of business in Illinois were insufficient to establish general jurisdiction. *Id.* Here, Defendants' headquarter is in China. Zhou Decl., ¶4. They sell goods globally. *Id*. at ¶5. In fact, the vast majority of the accused products were sold to Europe. *Id*. at ¶13. Thus, like the defendant in *Kraft*, Defendants do not have any sufficient contacts with the forum state in this case. Accordingly, this Court cannot exercise general jurisdiction over Defendants.

**B. This Court Lacks Specific Jurisdiction Over Defendants**

Plaintiff's claims of specific jurisdiction over Defendants also fails as Defendants' drop-shipping platform does not "expressly aim" their actions at the State of Illinois. *Mobile Anesthesiologists Chicago, LLC,* 623 F.3d at 445 (emphasis added). In fact, other than Plaintiff's "test buy," Defendants have not sold a single accused product in this District. Zhou Decl., ¶14.

Specific jurisdiction mandates that the lawsuit arise out of or be related to a defendant's minimum contacts with the forum state. *RAR, Inc.*, 107 F.3d at 1277. "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a *substantial connection* with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (emphasis added). "[A] defendant's intentional tort creates the requisite *minimum contacts* with a state only when the defendant *expressly aims* its actions at the state with the knowledge that they would cause harm to the plaintiff there." *Mobile Anesthesiologists Chicago*, 623 F.3d at 445 (emphasis added). Put another way, the express aiming test to require a showing of "injury plus" because the plaintiff must demonstrate not only that the defendant's tortious act injured it in the forum state, but that the defendant acted specifically to harm the plaintiff in the forum state.

*Telemedicine Solutions LLC* v. *WoundRight Techs., LLC,* 27 F. Supp. 3d 883, 895 (N.D. Ill. Mar. 14, 2014). Most importantly, "the plaintiff cannot be the only link between the defendant and the forum." *Walden,* 134 S. Ct. at 1122 (citations omitted).

Plaintiff alleges in its Complaint that Defendants "directly target business activities toward consumers in Illinois and cause harm to Oakley's business within this Judicial District. Defendants have targeted sales from Illinois residents by operating a fully interactive and commercial website at cjdropshipping.com that offers to sell and has sold Counterfeit Products to residents of Illinois." Dkt. No. 1, ¶ 3. However, when these allegations are stripped of their misleading "targeting" rhetorical gloss, it is clear that Defendants' online platform does not in fact target any Illinois resident as no sale of the accused product other than Plaintiff's "test buy" was ever made into this District.

The mere fact that Defendants offer items for sale (that obviously must be shipped) to U.S. consumers does not mean that Defendants are thereby "targeting" each state in the U.S. *See be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) ("If the defendant merely operates a website, even a "highly interactive" website, that is accessible from, but does not target, the forum state, then the defendant may not be hauled into court in that state without offending the Constitution."); *Hemi Group, LLC,* 622 F.3d at 760 ("Courts should be careful in resolving questions about personal jurisdiction involving online contacts to ensure that a defendant is not hauled into court simply because the defendant owns or operates a website that is accessible in the forum state, even if that site is 'interactive.'"). The mere possibility that Defendants may be capable of shipping a product to the forum state does not satisfy the test for specific jurisdiction. *See Id*.

The Supreme Court has held that merely placing goods into the stream of commerce without any conduct purposefully directed at the forum state fails to establish that personal jurisdiction is proper. *J. McIntyre Mach., Ltd.*, 131 S. Ct. at 2790. Thus, the fact that goods end up in the forum

state, without more, is insufficient to carry the plaintiff's burden of proof regarding personal jurisdiction. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980) (holding that "the forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state.") (emphasis added). To hold otherwise would mean that any defendant who operated a standard e-commerce website that contains allegedly infringing material would be automatically subject to personal jurisdiction in every jurisdiction in every state. "The creation of such *de facto* universal jurisdiction runs counter to the approach the Court has followed since *International Shoe*, and that it reaffirmed as recently as February 2014 in *Walden.*" *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 801–02. In short, the fact that Defendants operate online stores that offer an allegedly infringing or "counterfeit" item for sale to U.S. consumers (including Illinois) is not sufficient to establish specific jurisdiction.

Plaintiff also plead that "Defendants are committing tortious acts in Illinois, are engaging in interstate commerce, and have wrongfully caused Oakley substantial injury in the State of Illinois." Dkt. No. 1, ¶ 3. The only real act that Plaintiff ever alleged is the "test buy" it did. *See* Dkt. No. 1, ¶¶ 20-21. However, as this District Court recently ruled in a nearly identical situation, such isolated single purchase is not enough to establish this forum's personal jurisdiction over Defendants. *Expeditee LLC v. Entities Listed on Exhibit 1*, No. 21 C 6440, 2022 U.S. Dist. LEXIS 88506, at *8-9 (N.D. Ill. May 17, 2022) ("Evidence of the Moving Defendants' contacts with this forum is lacking, and the record points to Plaintiff as the only link between the Moving Defendants and Illinois in this litigation. Plaintiff claims that, as part of its preliminary investigation, it purchased infringing products from the Moving Defendants that the Moving Defendants shipped to Chicago. Such sales on their own are insufficient for the purposes of personal jurisdiction, for Plaintiff has not identified

evidence of any transactions involving an allegedly counterfeit product between the Moving Defendants and Illinois customers, other than the "test buys.") (internal citations omitted); *see also* *Native Am. Arts, Inc. v. Contract Specialties*, 2010 WL 658864, at *4-5 (N.D. Ill. 2010) (gathering cases holding that "a plaintiff cannot manufacture jurisdiction against an out-of-state defendant by purchasing that defendant's products from the forum state").

Because of the reasons stated above, this Court lacks specific personal jurisdiction over Defendants.

**C. CONCLUSION**

In sum, this Court lacks general or specific personal jurisdiction over Defendants. Therefore, Defendants respectfully request that this Court dismisses Plaintiff's Complaint in its whole.

DATED August 14, 2022.

Respectfully submitted,

By: */s/ Timothy T. Wang*
Timothy T. Wang
Texas Bar No. 24067927
twang@nilawfirm.com
**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEY FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of August, 2022, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Timothy T. Wang*
Timothy T. Wang