IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LUXOTTICA GROUP S.p.A., and OAKLEY, INC., | ) ) ) |
| Plaintiffs, | ) Case No. 22 CV 1140 ) |
| v. | ) Judge Jorge L. Alonso ) |
| YIWU CUJIA TRADE CO., LTD. and YIWU CUTE JEWELRY CO., LTD., | ) Magistrate Judge Jeffrey I. Cummings ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiffs' motion to compel defendants to fully respond to certain written discovery requests. (Dckt. #75). For the reasons set forth below, plaintiffs' motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff Luxottica Group S.p.A. and its wholly-owned subsidiary Oakley, Inc. (collectively, "plaintiffs") initiated this action against Yiwu Cujia Trade Co., Ltd. and Yiwu Cute Jewelry Co., Ltd. (collectively "defendants") for trademark and patent infringement. (*See* Dckt. #61 – Sec. Am. Compl.). Specifically, plaintiffs allege that defendants are unlawfully selling sunglasses and gloves featuring infringements and/or counterfeits of plaintiffs' trademarks and patents through defendants' website, "cjdropshipping.com." Plaintiffs bring claims for, *inter alia*, violations of the Lanham Act, 15 U.S.C. §1114, the Patent Act, 35 U.S.C. §271, and the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS §510, *et seq*.

Discovery is ongoing and plaintiffs previously issued a slew of written discovery requests to defendants. In the instant motion, plaintiffs argue that despite months of meet and confer

efforts and further supplementation by defendants, defendants' responses to certain requests remain deficient.

## II.     STANDARD ON A MOTION TO COMPEL

A party may file a motion to compel under Federal Rule of Civil Procedure 37 whenever another party fails to respond to a discovery request or when its response is insufficient. Fed.R.Civ.P. 37(a).  Courts have broad discretion in resolving such discovery disputes and do so by adopting a liberal interpretation of the discovery rules.  *Gile v. United Airlines, Inc.*, 95 F.3d 492, 495 (7th Cir. 1996); *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D.Ill. 2018).  Rule 26 provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  Fed.R.Civ.P. 26(b)(1); *see Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F.Supp.3d 916, 924 (N.D.Ill. 2019) ("Relevance focuses on the claims and defenses in the case, not its general subject matter"). "Information within this scope of discovery need not be admissible in evidence to be discoverable."  Fed.R.Civ.P. 26(b)(1).

## III.    ANALYSIS

According to plaintiffs, defendants have failed to fully respond to interrogatories and requests for production ("RFPs") seeking information and documents regarding: (1) defendants and their businesses; (2) defendants' procedures, product listings, sales and suppliers; (3) separate litigation involving defendants; and (4) defendants' failure to provide English translations of Chinese documents produced in response to certain interrogatories.  For their part, defendants argue that they have fully responded to a number of requests and that any remaining

requests in dispute are overly broad and/or seek irrelevant information. The Court agrees, but only in part.

      **A.**      **Requests to which Defendants Maintain They Have Produced All Responsive Documents.**

At the outset, with respect to certain RFPs, defendants maintain that they have fully responded by producing all documents in their possession, custody, or control as required by Rule 34, and that no additional responsive documents are being withheld or otherwise exist. Those requests are: RFP No. 5 (seeking every domain name or online marketplace used by defendants); RFP No. 11 (invoices for defendants' purchase of the allegedly infringing products from any supplier); RFP No. 20 (documents related to retention of documents and any litigation hold); RFP No. 26 (documents related to the sale of products by defendants' supplier on defendants' website); RFP No. 27 (documents related to defendants' payment for and storage of any of the allegedly infringing products); RFP No. 38 (documents relating to defendants' relationship with its suppliers regarding the sale of products); and RFP No. 39 (documents relating to excess inventory).

The Court has reviewed defendants' responses to these requests – and their assertions in their brief – and agrees that it appears that defendants have either fully responded to these requests and/or that no additional responsive documents exist. The Court cannot compel defendants to produce documents that have already been disclosed, are not in their possession, custody, or control under Rule 34, or that otherwise do not exist. Fed. Rule Civ. P. 34(a)(1); *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:08-CV-00490, 2010 WL 3119487, at *8 (N.D.Ind. Aug. 5, 2010) ("District courts routinely deny motions to compel the production of documents when the non-moving party represents that such documents do not exist."). Nonetheless, to confirm that all responsive documents have been produced, and because

plaintiffs are "at least entitled to a response stating as much," *Innovative Piledriving Prod., LLC v. Unisto Oy*, No. 1:04-CV-453, 2005 WL 8169578, at *2 (N.D.Ind. Oct. 14, 2005), defendants are directed to provide a sworn certification confirming that no additional documents responsive to each of these requests are within their possession, custody, or control. *See, e.g.*, *Hansen v. Country Mut. Ins. Co.*, No. 18 CV 244, 2020 WL 5763588, at *3 (N.D.Ill. Sept. 28, 2020) (ordering certification of compliance with discovery order) (citing cases).

Moreover, to the extent that any of defendants' responses to these requests – or any other requests for that matter – indicated that their search for responsive documents is continuing, (*see, e.g.*, Defs.' Supp. Resp. to RFP No. 26), the Court expects that defendants will properly supplement those responses as required by Rule 26(e).[1] Fed.R.Civ.P. 26(e)(1) (requiring a party to supplement or correct a prior incomplete or incorrect response in a timely manner).

The Court will address the remaining categories of disputed requests in turn.

### B. Requests Related to Defendants' Business, Financials, and Sales.

In Interrogatory No. 1 and RFP No. 2, plaintiffs asked defendants to identify the owners and operators of defendants' internet store and financial accounts, (Int. No. 1), and to produce all documents, including registration documents and e-mail addresses, associated with the internet store and financial accounts, (RFP No. 2). To date, it appears defendants have responded by producing a business license, identifying the owners, identifying – in their response brief – the ownership interest of each owner, and identifying two financial accounts (in response to Int. No. 3). However, these responses are not fully responsive to the requests, which are plainly relevant to the claims at issue here. Fed.R.Civ.P. 26(b); *see also* Fed.R.Civ.P. 33(b)(3) ("Each

---

[1] Defendants' brief did not address RFP No. 19 (seeking documents related to defendants' policies for the marking and retention of records). Defendants shall fully respond to this request or – to the extent that no responsive documents exist or have otherwise been produce – include this request in its sworn certification.

interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). As such, plaintiffs' motion is granted with respect to Interrogatory No. 1 and RFP No. 2. Defendants shall provide supplemental responses that identify the ownership interest of the business; the account information for Paypal accounts maintained and used for defendants' internet store, if any; and the e-mail addresses associated with the internet store and financial accounts.

In RFP Nos. 3-4, plaintiffs requested documents related to defendants' costs, revenues, and profits, (RFP No. 3), and defendants' monthly financial statements from 2019 through 2022. According to plaintiffs, defendants have "only produced a transaction log for the sale of all gloves and sunglasses, as well as single entries for one sale of the glove and sunglasses which are the subject of this litigation." (Dckt. #75 at 6). Plaintiffs argue that they are entitled not only to financial documents relating to the sale of the gloves and glasses at issue here, but also defendants' financials on the whole as relevant to statutory damages. Defendants object to producing any additional financial information unrelated to the allegedly infringing products, arguing that it is not relevant to the issue of damages. The Court disagrees.

As both parties seem to acknowledge, the Lanham Act "permits a plaintiff to recover either actual or statutory damages." *Luxottica USA LLC v. The Partnerships & Unincorporated Associations Identified On Schedule "A"*, No. 14 C 9061, 2015 WL 3818622, at *2 (N.D.Ill. June 18, 2015). In the Seventh Circuit, when awarding the latter, district courts enjoy wide discretion, consider various factors, and "may look to the size and scope of a defendant's operations to determine a baseline for damages." *Id.*; *Coach, Inc. v. Tom's Treasure Chest*, No. 2:10-CV-00243, 2011 WL 4399355, at *3 (N.D.Ind. Sept. 21, 2011). So, while defendants are correct that statutory damages must ultimately "bear some relation" to actual damages, *Luxottica*,

5

2015 WL 3818622, at *2, at a minimum, defendants' financials, both related and unrelated to the allegedly infringing sales, are relevant under the broad scope of Rule 26. *See Emoji Co. GmbH v. Individuals Identified on Schedule A Hereto*, No. 20-CV-04678, 2022 WL 4465593, at *6 (N.D.Ill. Sept. 26, 2022) (noting that the Court previously permitted plaintiff to conduct expedited discovery including discovery concerning "the nature of Defendants' operations and all associated sales and financial information.").

For the same reason, plaintiffs' Interrogatory Nos. 16 and 17 – asking defendants to identify the businesses and individuals offering products for sale on cjdropshipping.com, including the number of listings – also seek relevant information. Of course, the determination as to the admissibility of the responsive information and documents is for another day. *See Sols. Team v. Oak St. Health, MSO, LLC*, No. 17 CV 1879, 2021 WL 3022324, at *3 (N.D.Ill. July 16, 2021) ("At this stage of the litigation, the Court is only concerned with relevance under Federal Rule of Civil Procedure 26(b)(1), and not relevance and admissibility under Federal Rule of Evidence 401.") (internal quotation and citation omitted).

As such, plaintiffs' motion to compel is granted with respect to RFP Nos. 3 and 4 and Interrogatory Nos. 16 and 17.

### C. Requests Related to Separate Litigation Involving Defendants.

In RFP Nos. 33 and 37, plaintiffs requested all documents produced by defendants in Case No. 21-cv-3056, *JUUL Labs, Inc. v. Chou, et al.,* (C.D.Cal.), (RPF No. 33), and all documents, including discovery responses, deposition transcripts, settlement correspondence and communications, related to any lawsuit filed against defendants for trademark infringement,

(RFP. No. 37).² Defendants initially objected to these requests as overly broad and seeking privileged and irrelevant information, but – notwithstanding those objections – have since produced 54 responsive documents. (*See* Dckt. #75 at 9). Defendants now object to producing any additional documents, arguing that they are not relevant to the claims and defenses here. The Court agrees.

As a general matter, "courts in this district disfavor 'cloned discovery' requests seeking all documents produced or received during other litigation . . ." *In re Outpatient Med. Ctr. Emp. Antitrust Litig.*, No. 21 C 305, 2023 WL 4181198, at *6 (N.D.Ill. June 26, 2023) (citing cases). And, although plaintiffs are correct that courts may permit discovery of documents in other litigation if there is "significant and factual and legal overlap," *Schneider v. Chipotle Mexican Grill*, Inc., No. 16CV02200HSGKAW, 2017 WL 1101799, at *4 (N.D.Cal. Mar. 24, 2017), plaintiffs have not made – or even attempted to make – such a showing here. Instead, plaintiffs simply state, without elaboration, that the documents from other trademark litigation against defendants are "directly relevant to Plaintiffs' claims and Defendants' defenses in the current lawsuit." (Dckt. #75). This is insufficient to satisfy the relevancy requirements of Rule 26. *See In re Subpoena to PayPal Holdings, Inc.*, No. 18CV937CFCMPTDDEL, 2020 WL 3073221, at *2 (N.D.Cal. June 10, 2020) ("RMN has not provided any information about these 'other' RMN-Honey litigations, except for stating that they 'involve patent claims' . . . That is not enough to satisfy Rule 26(b)'s relevancy requirements and the Court declines to speculate."); *see also Action Ink, Inc. v. Anheuser-Busch, Inc.*, No. CIV.A. 12-141, 2012 WL 6673125, at *12 (E.D.La.

---

² Plaintiffs appear to have inadvertently labeled this request as RFP No. 34 in their motion. RFP No. 34 sought documents "regarding any infringement complaints by rights owners related to products offered for sale on Defendant's Internet Store," (Dckt. #79 at 39), and defendants maintain in their response that they have "produced the full text of available complaint emails that were received on cjdropshipping.com." (Dckt. #78 at 5).

Dec. 20, 2012) ("Plaintiff's desire to address unrelated trademark infringement claims against defendant is another exceptionally broad request for information that appears to have minimal relevance to the dispute here.").

Moreover, even a cursory look at Case No. 21-cv-3056, *JUUL Labs, Inc. v. Chou, et al.*, (C.D.Cal.), reveals that it involves a plaintiff and product lines that are different than the plaintiffs and product lines involved in this case. *See JUUL Labs, Inc. v. Chou*, 557 F.Supp.3d 1041, 1045 (C.D.Cal. 2021) ("This case alleges counterfeiting of Plaintiff JUUL Labs, Inc.'s (JLI) electronic cigarettes and related products"). In this regard, this case is easily distinguishable from *Schneider v. Chipotle Mexican Grill Inc.*, in which both suits involved the same legal claims based on the same facts, including, in some instances, the same purportedly unlawful advertisements. 2017 WL 1101799, at *4; *see also Forth v. Walgreen Co.*, No. 17 C 2246, 2019 WL 10255628, at *6 (N.D. Ill. July 10, 2019) ("Plaintiffs' reliance on [*Schneider*] fails . . . since it too acknowledges that cloned discovery is improper where there is no showing that the documents were relevant or related to the pending case.") (internal quotation omitted).

Having failed to show that documents related to other trademark infringement cases against defendants are relevant to the claims and defenses here, plaintiffs' motion to compel further responses to RFP Nos. 33 and 37 is denied.

### D. English Translations of Documents Produced in Response to Interrogatories

Finally, plaintiffs ask the Court to compel defendants to provide certified English translations of any Chinese documents defendants produced in response to plaintiffs' interrogatories pursuant to Rule 33(d). The Court will so oblige.

Many courts have held that "[w]hen a party responds to an interrogatory by producing documents written in a foreign language, Rule 33(d) requires the responding party to provide a

translation of those documents." *Nature's Plus Nordic A/S v. Nat. Organics, Inc.*, 274 F.R.D. 437, 441 (E.D.N.Y. 2011); *Shinedling v. Sunbeam Prod. Inc.*, No. EDCV12438CJCSPX, 2013 WL 12171959, at *7 (C.D. Cal. Oct. 25, 2013) (same); *see also Toyo Tire & Rubber Co., LTD v. Atturo Tire Corp,* Case No. 14-cv-206 at Dckt. #143 (Feb. 24, 2014) ("Courts have found that by answering through untranslated foreign documents, the interrogatory response "runs afoul of Rule 33(d).").[3]

The Court finds the above decisions to be persuasive. Rule 33(d) allows a party to rely on its business records to provide an answer to an interrogatory only "if the burden of deriving or ascertaining the answer [from the records] will be substantially the same for either party." Where a party seeks to rely on business records written in a foreign language, the burden of ascertaining the answer to an interrogatory is *not* substantially the same for both parties where (as here) the party propounding the interrogatory cannot read the foreign language. Defendants have provided no authority – or any argument for that matter – to the contrary. Consequently, to the extent that defendants have produced Chinese documents in response to plaintiffs' interrogatories pursuant to Rule 33(d), defendants are ordered to produce certified English translations of each document.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion to compel, (Dckt. #75), is granted in part and denied in part. Defendants shall fully comply with the above directives by October 26,

---

[3] The rule regarding interrogatory answers under Rule 33(d) is in direct contrast with the rule that applies to the production of documents under Rule 34. Courts have routinely held that a party does not bear the burden of providing English translations of foreign documents produced under Rule 34. *See, e.g.*, *Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings Ltd.*, No. 1:07-CV-0811-SEB-JMS, 2009 WL 10687811, at *6 (S.D.Ind. Apr. 28, 2009) (noting that "ordinarily, a party responding to document requests need not translate foreign language documents into English; under Rule 34, the party need only make them available for inspection or copying in the form in which they are kept in the normal course of business.") (citing *In re P.R. Elec. Power Auth.*, 687 F.2d 501, 508-09 (1st Cir. 1982)).

2023. By November 2, 2023, the parties shall file a joint status report confirming defendants' compliance with this order, setting forth what additional discovery has been completed, what discovery remains, and whether any additional discovery disputes require the Court's attention. The parties shall also include a proposed final fact discovery deadline in their joint status report.

**DATE: October 5, 2023**

**Jeffrey I. Cummings**
**United States Magistrate Judge**